**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | MDL No. 2993 |

**RESPONSE TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. §
1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2(a),

Plaintiffs Randi Handwerk, Dan Flaten, Ryan Bros., Inc., Michael J. Ryan, Leon Pfaff, B. Carlson,

Eagle Lake Farms Partnership, Brad DeKrey, Tyler Schultz, Hapka Farms, Inc., Amy Hapka,

Beeman Berry Farm, LLC, and Tom Burke Farms ("Plaintiffs") support that portion of the

Movants' motion seeking to consolidate numerous related antitrust actions ("Related Actions")

filed in four different district courts to a single district court for pretrial proceedings.[1] However,

Plaintiffs request that these Related Actions be transferred to and consolidated before the

---

[1] The Related Actions include the following: *Handwerk v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00351 (D. Minn.); *Flaten v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00404 (D. Minn.); *Ryan Bros., Inc. v. Bayer Cropscience LP*, No. 0:21-cv-00433-MJD-TNL (D. Minn.); *Pfaff v. Bayer Cropscience LP*, No. 0:21-cv-00462-MJD-TNL (D. Minn.); *Carlson v. Bayer CropScience LP, et al.*, No. 0:21-cv-00475-MJD-TNL (D. Minn.); *Eagle Lake Farms Partnership v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00543 (D. Minn.); *DeKrey v. Bayer Cropscience LP*, No. 21-cv-00639-SRN-BRT (D. Minn.); *Schultz v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00681 (D. Minn.); *Hapka Farms, Inc. v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00685 (D. Minn.); *Beeman Berry Farm, LLC v. Bayer CropScience LP, et al.*, No. 0:21-cv-00719 (D. Minn.); *Piper v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00021 (S.D. Ill.); *Swanson v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00046 (S.D. Ill.); *Lex v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00122 (S.D. Ill.); *Duncan v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00158 (S.D. Ill.); *Jones Planting Co. III v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00173 (S.D. Ill.); *Canjar v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00181 (S.D. Ill.); *Vienna Eqho Farms v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00204 (S.D. Ill.); *Budde v. Syngenta Corporation, et al.*, No. 2:21-cv-02095 (D. Kan.); and *Tom Burke Farms v. Bayer Cropscience LP, et al.*, No. 2:21-cv-01049-KSM (E.D. Pa.).

Honorable Michael J. Davis in the District of Minnesota, before whom Plaintiffs' actions are currently pending.

## INTRODUCTION

All Related Actions—now numbering nineteen—are based on the same alleged conduct, overlapping facts and stories, and the same or similar legal theories. At bottom, each plaintiff alleges that BASF Corporation, Corteva, Inc., Cargill Incorporated, Bayer CropScience, LP, Bayer CropScience, Inc., Syngenta Corporation, Winfield Solutions, LLC, Univar Solutions, Inc., Federated Co-Operatives Ltd., CHS Inc., Nutrien Ag Solutions Inc., Growmark Inc., Growmark FS, LLC, Simplot AB Retail Sub, Inc., and Tenkoz, Inc. (collectively, "Defendants") engaged in a course of anticompetitive conduct, including a group boycott and price fixing, in the manufacturing, wholesaling, and retailing of seeds and crop protection chemicals such as fungicides, herbicides, and insecticides (collectively, "Crop Inputs"). The Related Actions thus reflect common questions of fact and law such that transfer and consolidation are warranted. Transfer and consolidation are also appropriate here because many of the Related Actions are nationwide class actions and because all of the Related Actions request injunctive relief such that the Related Actions' resolution will produce effects that are wide-reaching in scope.

The just and efficient management of these Related Actions would best be served by transfer and consolidation in a single forum before the Honorable Michael J. Davis. The District of Minnesota provides the most appropriate transferee forum for pre-trial purposes, given that: (1) it is home to the most Defendants of any district (three compared to zero in the Southern District of Illinois); (2) it is centrally located, easily accessible and close to Canada, whose government is conducting a concurrent investigation, and which is home to another Defendant; (3) the District of Minnesota and Judge Davis specifically are experienced and well-equipped to handle this

agricultural antitrust class action; (4) a majority of cases (10 out of 19) have been filed in the District of Minnesota; and (5) every plaintiff, except those that filed in Illinois, supports transfer to the District of Minnesota. This Panel should, therefore, consolidate and transfer the cases to the District of Minnesota.

## BACKGROUND

Defendants are manufacturers, wholesalers, and retailers of Crop Inputs. The Related Actions allege that Defendants are the dominant manufacturers and sellers of Crop Inputs, and that Defendants have engaged in a comprehensive scheme of anticompetitive conduct to maintain their dominant market position and to fix prices at supracompetitive levels. The Related Actions allege that Defendants' contracts require strict confidentiality and prohibit the disclosure of manufacturers' or wholesalers' prices or any incentives, rebates, or commissions, and the disclosure to consumers of the prices at which retailers sell the exact same Crop Inputs to farmers in other locations.

Online Crop Inputs sales platforms, including Farmers Business Network ("FBN") and AgVend, began emerging in 2014 with the aim of modernizing the Crop Inputs market, increasing price transparency, and providing farmers access to Crop Inputs directly from manufacturers by avoiding the opaque and inefficient distribution systems of wholesalers and retailers. Defendants organized a group boycott of these online Crop Inputs sales platforms because they posed a threat to Defendants' market position and price control. Defendants agreed to refuse to sell Crop Inputs to online sales platforms and to enforce strict disciplinary measures on any entity failing to comply with the boycott. As a result of this anticompetitive conduct, online Crop Inputs sales platforms were unable to obtain name-brand Crop Inputs products to sell and consumers were deprived of a lower cost option for purchasing Crop Inputs. Furthermore, Defendants have been able to maintain

and extract supracompetitive prices for their Crop Inputs products by eliminating online Crop Inputs sales platforms as a competitive threat. Numerous consumers of Crop Inputs have brought suits alleging that Defendants have engaged in related forms of anticompetitive conduct. The Related Actions have been brought by purchasers from Defendants on behalf of nationwide classes.

Three of the defendants named in the Related Actions—Cargill Inc., Winfield Solutions LLC, and CHS Inc.—are headquartered in Minnesota and, as a result, a significant number of witnesses and amount of evidence are located in the District of Minnesota. A majority of the nineteen related actions have been filed in the District of Minnesota. In addition, every plaintiff except for those that filed in Illinois supports centralization in the District of Minnesota. As explained herein, all factors support transfer to the District of Minnesota.[2] Accordingly, the Panel should transfer the related actions to the District of Minnesota for consolidated or coordinated proceedings.

## ARGUMENT

### I.    The Panel Should Consolidate the Related Actions Pursuant to 28 U.S.C. § 1407

The Related Actions easily fall within the types of cases that the Panel consolidates for pretrial proceedings. The Related Actions presently are pending in four separate judicial districts. Transfer and consolidation are appropriate because the factual allegations in the nineteen Related

---

[2] Movants claim that the "most advanced action" is pending in the Southern District of Illinois, based on the filing of a consolidated complaint that includes some, but not all, of the actions on file in that District. (Movants' Mem. at 4-5). Movants' consolidated complaint did not make any substantive additions to the previously filed S.D. Ill. complaints, except to incorporate facts and legal theories first asserted in the *Handwerk* Complaint, including facts relating to the FTC's subpoena to Defendant Corteva and claims under the Connecticut Antitrust Act and West Virginia Antitrust Act. Movants' proceedings have not advanced past the other Related Actions in any material manner.

Actions unquestionably overlap. Under 28 U.S.C. § 1407, when actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel "shall" order transfer and consolidation when it determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. Each of these criteria is easily satisfied here.

### A.  The Related Actions Involve Common Questions of Fact and Law

Where antitrust class actions involve common questions of fact, this Panel has found that "centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation" and is "necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Visa/MasterCard Antitrust Litig.*, 295 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003). The Related Actions make overlapping factual allegations and requests for relief. In addition to alleging a common course of unlawful conduct under Section 1 of the Sherman Act by Defendants, among other statutes and causes of action, all of the Related Actions are class actions that are nationwide in scope, and all seek equitable relief. While some of the allegations vary at the margins, each of the Related Actions rest on core factual allegations and legal theories that overlap with the anticompetitive, group boycott conduct alleged in the complaints filed by Plaintiffs in the United States District Court for the District of Minnesota. The overlap among the Related Actions includes the following:

- All plaintiffs assert claims under Section 1 of the Sherman Act, among other statutes and causes of action;

- All plaintiffs request injunctive relief;

- All plaintiffs seek damages; and

- The putative classes overlap in whole or in part.

### B.  Consolidation Is Necessary to Coordinate and Avoid Inconsistent Rulings

The Related Actions present common factual and legal issues, the resolution of which will have ramifications that are nationwide in scope and effect. Because many of the Related Actions are nationwide class actions, consolidation should occur so that lead counsel is appointed only once for each class, in order to avoid a potential reverse auction. All of the Related Actions involve requests for injunctive relief; and the only sensible procedure is that this relief, which will be nationwide in its applicability if granted, is adjudicated in the context of consistent pre-trial rulings and procedures across the Related Actions.

The Panel has repeatedly found antitrust class action cases, like these Related Actions, to be appropriate for consolidation to eliminate duplicative discovery and prevent inconsistent pretrial rulings. *See In re Libor-Based Fin. Instruments Antitrust Litig.*, 802 F. Supp. 2d 1380 (J.P.M.L. 2011); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F. Supp. 2d 1353 (J.P.M.L. 2007); *In re Int'l Air Transp. Surcharge Antitrust Litig.*, 460 F. Supp. 2d 1377 (J.P.M.L. 2006).

### C.  Transfer Would Be Convenient for the Parties and Witnesses and Would Promote Judicial Efficiency

Transfer and coordination would preserve judicial resources and promote efficiency. It would be a waste of judicial resources to have multiple judges address the same factual and legal issues simultaneously. It would be equally wasteful to have the parties and their counsel litigating the same issues in multiple forums. The Panel has found that the convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings. *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("Centralization will eliminate duplicative discovery . . .

prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary."). Centralizing the Related Actions for pretrial proceedings will eliminate duplicative discovery because the plaintiffs in the Related Actions will seek to develop similar evidence, including evidence of Defendants' alleged group boycott. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 24 F. Supp. 3d 1361, 1363 (J.P.M.L. 2014) (holding that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to class certification and preliminary injunctive relief); and conserve the resources of the parties, their counsel and the judiciary."); *In re Online DVD Rental Antitrust Litig.*, 609 F. Supp. 2d 1376, 1377 (J.P.M.L. 2009) ("These actions share factual questions arising out of allegations that defendants conspired to divide the online DVD rental market in violation of federal antitrust laws. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.").

## II.   The Related Actions Should Be Consolidated in and Transferred to the District of Minnesota

The Panel should transfer the Related Actions to the District of Minnesota, which is the home to the most Defendants of any district, easily accessible and located in close proximity to Canada where a related government investigation is occurring, has the capacity and experience to handle an agricultural antitrust class action of this size, and is supported by the majority of the cases (10 out of 19) and every plaintiff other than those that filed in the Southern District of Illinois.

### A.   The District of Minnesota Is the Most Appropriate Transferee Forum and Is the Most Convenient for the Parties and Witnesses

The District of Minnesota is best suited to oversee this MDL. The Panel has often looked to the location of a defendant's headquarters to determine the proper transferee forum. *See In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 536 F. Supp. 2d 1375, 1376 (J.P.M.L.

2008) (transferring actions to the District of Minnesota, the location of the defendant's headquarters); *In re St. Jude Medical, Inc., Silzone Heart Valves Prods. Liab. Litig.*, MDL No. 1396, 2001 WL 36292052, at *1 (J.P.M.L. Apr. 18, 2001) (transferring actions to the District of Minnesota, the location of the defendant's headquarters); *see also In re Farxiga (Dapagliflozin) Prods. Liab. Litig.*, 273 F. Supp. 3d 1380, 1382 (J.P.M.L. 2017) (transferring actions to the Southern District of New York, the location of the defendant's headquarters). Three of the defendants—Cargill Inc., Winfield Solutions LLC, and CHS Inc.—are headquartered in the District. Thus, the District of Minnesota has a "nexus" to the litigation because it will likely be the location where relevant witnesses and documents are located. This nexus weighs in favor of transfer there. *See e.g.*, *In re Delphi Corp. Sec., Derivative & "Erisa" Litig.*, 403 F. Supp. 2d 1358, 1360 (J.P.M.L. 2005) (selecting district with "a significant nexus to the litigation" because "[t]his district is where many relevant documents and witnesses are likely to be found, inasmuch as [defendant's] principal place of business is located there."); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (selecting the district with "a nexus to the allegations given the location of the defendants there, and relevant documents and witnesses likely will be found there."). In contrast, only two Defendants reside in Illinois ***and neither are located within the Southern District***—Defendant Univar Solutions is headquartered in the Northern District of Illinois, and Defendant Growmark is headquartered in the Central District of Illinois. The District of Minnesota has the strongest nexus to the Related Actions and is the most appropriate transferee forum.

In addition, the ongoing investigation in Canada will play a central role in this consolidated litigation. Because this litigation also has a nexus to an ongoing investigation in Canada, as well as a defendant headquartered in Canada, Minnesota is an easily accessible, geographically central

location for the parties and witnesses who may be located in Canada. *See In re Nat'l Hockey League Players' Concussion Injury Litig.*, 49 F. Supp. 3d 1350, 1350 (J.P.M.L. 2014) (finding that Minnesota "provides a geographically central location for parties and witnesses, many of whom may be located in nearby Canada.").

Moreover, the District of Minnesota has considerable expertise handling the myriad issues presented by complex, multidistrict litigation, and is well-equipped to handle this complex action. The Panel has transferred over 45 MDLs to the District of Minnesota.[3] As the Panel has previously recognized, the District of Minnesota "possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that [a] complex [MDL] docket is likely to require." *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001). The District of Minnesota is also familiar with handling antitrust class actions related to agricultural issues with two such class actions currently pending in the district. *See, e.g., In re Pork Antitrust Litig.*, No. 18-cv-01776-JRT-HB (D. Minn.); *In re DPP Beef Litig.*, No. 0:20-cv-01319-JRT-HB (D. Minn.).

The District of Minnesota's caseload will not be overburdened by the addition of this multidistrict litigation; as would the Southern District of Illinois. As of September 30, 2020, the number of pending actions per judgeship in the District of Minnesota was 444, which is significantly less than the 569 pending actions per judgeship in the Southern District of Illinois.[4]

---

[3] *Multidistrict Litigation Terminated Through September 30, 2020*, at 37-38 (available at https://www.jpml.uscourts.gov/sites/jpml/files/Cumulative%20Terminated%202020_0.pdf); *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, at 3 (available at https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-January-15-2021.pdf).
[4] *See* U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2020) (available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-1).

Finally, the District of Minnesota is a convenient forum for all parties, witnesses, and their counsel. A major international airport serves Minneapolis. The Panel has previously found that the District of Minnesota is a geographically central location that is well-suited for nationwide litigation. *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d 1383 (J.P.M.L. 2017) ("Minneapolis offers a central, readily accessible venue for all parties."); *In re: Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1339 (J.P.M.L. 2014) ("[T]he District of Minnesota is easily accessible and relatively centrally located for the parties to this litigation, which is nationwide in scope."); *see also In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 536 F. Supp. 2d at 1376.

## B.   Judge Davis Is Experienced in Antitrust Litigation and Has the Capacity to Efficiently Handle This MDL

The Panel has recognized that Judge Davis is "an able and experienced jurist who has skillfully handled a number of other MDLs." *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d at 1385. Judge Davis has significant experience effectively managing complex, multidistrict proceedings, one of which began with over 9,000 actions. *See, e.g.*, *In re Baycol Prods. Liab. Litig.*, MDL No. 1431. In addition to experience with MDLs, Judge Davis possesses experience in adjudicating complex class action litigation and antitrust litigation in particular. *See, e.g.*, *Plymouth Cnty. Ret. Sys. v. Patterson Cos. Inc. et al.*, No. 0:18-cv-00871 (D. Minn.). Given the complexity of the Crop Inputs litigation, which involves questions of antitrust jurisprudence under both federal and state law against fifteen defendants, Judge Davis' experience is invaluable. Having recently successfully concluded the *CenturyLink* MDL in under four years, Judge Davis has the demonstrated experience and skill to take on this MDL.

### C.  The Majority of Cases Support Transfer to the District of Minnesota

Related Actions are now pending in four separate jurisdictions—ten in the District of Minnesota, seven in the Southern District of Illinois, and one each in the District of Kansas and the Eastern District of Pennsylvania. As of the date of this filing, all ten out of the cases pending in the District of Minnesota and the two actions filed in the District of Kansas and the Eastern District of Pennsylvania support transfer to the District of Minnesota. Therefore, the majority—twelve of the nineteen filed actions—support transfer to the District of Minnesota. *See In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d at 1385 (transferring to District of Minnesota where such transfer "is supported, albeit in the alternative, by both moving defendants and a majority of responding plaintiffs."); *In re Air Crash Near Athens, Greece, on Aug. 14, 2005*, 435 F. Supp. 2d 1340, 1342 (J.P.M.L. 2006) (transferring to district that "contains the majority of the actions in this litigation.").

### D.  The District of Minnesota Is A Proper Transferee District Notwithstanding One Defendant's Forum-Selection Clause

After the Movants filed the present motion on February 24, 2021, Defendants Bayer CropScience LP and Bayer CropScience Inc. (collectively, "Bayer") filed motions in some of the individual related actions to transfer venue to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a), based on a forum-selection clause contained in "Technology/Stewardship" agreements purportedly entered into between certain plaintiffs and the Monsanto Company. Although Bayer argues that these agreements with the Monsanto Company require at least certain plaintiffs to litigate their claims against Bayer in the Eastern District of Missouri, the applicability and enforceability of the forum-selection clauses in these "Technology/Stewardship" agreements to the plaintiffs and their claims in these Actions is tenuous

at best.[5] However, the Panel need not reach these issues because, even assuming the forum-selection clauses are valid (Plaintiffs do not believe they are), the Panel has the authority pursuant to § 1407 to consolidate and transfer actions "notwithstanding the provisions of section 1404," and should do so given the factors cited above that favor the operation of section 1407 over section 1404. 28 U.S.C. § 1407(h).

The J.P.M.L.'s ability to centralize actions for pre-trial purposes is not limited by a forum-selection clause. *See, e.g.*, *In re Park W. Galleries, Inc., Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009) ("When civil actions satisfy the criteria set forth in 28 U.S.C. § 1407(a), the statute authorizes the Panel to centralize those actions (as well as any subsequently identified tag-along actions) in 'any district.' '[C]ontractual forum selection clauses [thus] do not limit the Panel's authority with respect to the selection of [a] transferee district'") (citations and quotations omitted).

> Although a party might hope to avoid this uncertainty through the use of a forum-selection clause, such a clause does not limit the Panel's authority to select an MDL court. Because Section 1407(a) provides that cases may be consolidated "in any district," the Panel has consistently held that it is not required to abide by the terms of a forum-selection clause. In *In re Medical Resources Securities Litigation*, the Panel explained that "contractual forum selection clauses do not limit the Panel's authority with respect to the selection of a transferee district."

Jordan Bock, *All Disputes Must Be Brought Here: Atlantic Marine and the Future of Multidistrict Litigation*, 106 CALIF. L. REV. 1657, 1673-74 (2018) (quoting *In re Med. Res. Sec. Litig.*, MDL No. 1247, 1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998)). *See also In re Disposable Contact Lens Antitrust Litig.*, 109 F. Supp. 3d 1369, 1371 (J.P.M.L. June 8, 2015) ("[Defendant's]

---

[5] There are numerous reasons the forum-selection clauses do not apply. Without limitation, those clauses do not apply to the conduct at issue by Bayer or all its crop inputs, much less the conduct of or crop inputs sold by any of the other defendants. Furthermore, the public and private interests which must be factored into the mandatory § 1404 analysis weigh against Bayer's requested transfer.

forum selection clause does not affect our authority to transfer [it] to the Middle District of Florida."); *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, (J.P.M.L. 2017) ("forum selection clauses do not limit the Panel's authority under Section 1407").

Regardless, transfer to the Eastern District of Missouri does not make sense here for several reasons.  First, there are real questions as to whether the forum-selection clause is valid or applicable to this dispute. Second, even assuming *arguendo* the forum-selection clause is valid, Bayer concedes in its § 1404 motions that the related actions include non-signatories to the forum-selection clauses, and therefore the district courts must decide whether to transfer the entire case or sever the claims against Bayer and transfer only those claims—a fraught notion given that Plaintiffs' antitrust allegations place Defendants squarely into the same joint-and-several liability boat. Severance, of course, would only compound the reasons in favor of consolidation in one district. The practical reality is that the related actions are subject to consolidation as a result of multidistrict litigation, and the Panel is not constrained by a forum-selection clause that is applicable (if at all) only to Bayer and not the other thirteen defendants. Third, the only connection to the Eastern District of Missouri is the presence of the Bayer defendants in that district. No other defendant is located in that district, not a single case has been filed in that district, and no plaintiffs support transfer to the Eastern District of Missouri. The Bayer Defendants' § 1404 motions simply ignore the well-recognized policy considerations guiding this Panel's adherence to electing the most convenient district based on the aggregation of pre-trial contacts the parties and allegations have with and near that district.

Thus, because there is a pending motion for centralization under § 1407 and numerous anticipated tag-along actions, transfer of venue under § 1404 is unreasonable and defeats the interests of judicial economy. Bayer's forum-selection clause is not determinative of the § 1407

analysis and does not weigh in favor of transfer to the Eastern District of Missouri, especially given the significant number of named defendants that are not a party to the forum-selection clause, the fact that no cases have been filed in the Eastern District of Missouri and no plaintiffs support transfer to the Eastern District of Missouri, and none of the other thirteen defendants are located in that district. For all the reasons stated above, the District of Minnesota is the most appropriate transferee forum.

### E. Any Subsequently Filed Tag-Along Actions Should Be Transferred to the District of Minnesota

Plaintiffs anticipate that additional complaints may be filed in the coming weeks. Plaintiffs respectfully request that any such subsequently filed actions be treated as tagalong actions under Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, subject to consolidation in the same venue as these actions in order to "promote the just and efficient conduct of the cases." 28 U.S.C. § 1407.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Panel transfer the Related Actions to a single district court for consolidated or coordinated pretrial proceedings under 28 U.S.C. § 1407. Plaintiffs specifically request that the Panel order the cases transferred to the District of Minnesota and consolidated before the Honorable Michael J. Davis.

Dated: March 17, 2021

Respectfully submitted,

*/s/ Daniel E. Gustafson*
Daniel E. Gustafson (MN Lic. #202241)
Daniel C. Hedlund (MN Lic. #258337)
Michelle J. Looby (MN Lic. #0388166)
Daniel J. Nordin (MN Lic. #0392393)
Mickey L. Stevens (MN Lic. #0398549)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com
mstevens@gustafsongluek.com

*Counsel for Plaintiffs Randi Handwerk, Dan Flaten,
Leon Pfaff, and Eagle Lake Farms Partnership*

Joseph W. Cotchett
Adam J. Zapala
Karin B. Swope
Elizabeth T. Castillo
James G.B. Dallal
Reid W. Gaa
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
kswope@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com
rgaa@cpmlegal.com

*Counsel for Plaintiff Randi Handwerk*

Michael R. Cashman (MN Lic. #206945)
Anne T. Regan (MN Lic. #0333852)
Nathan D. Prosser (MN Lic. #0329745)
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
aregan@hjlawfirm.com
nprosser@hjlawfirm.com

*Counsel for Plaintiffs Randi Handwerk, Michael J.
Ryan & Ryan Bros., Inc.*

Joseph Goldberg
Vincent J. Ward
Frank T. Davis
Josh B. Ewing
**FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD P.A.**
20 First Plaza, Suite 700
Albuquerque, NM 87102
Telephone: (505) 305-1263
jg@fbdlaw.com
vwj@fbdlaw.com
ftd@fbdlaw.com
jbe@fbdlaw.com

*Counsel for Plaintiff Randi Handwerk*

Richard M. Paul III
Ashlea G. Schwarz
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, MO 64106
Telephone: 816-984-8100
Fax: 816-984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com

*Counsel for Plaintiff Dan Flaten*

Drew R. Ball
Steve McCann
**BALL & MCCANN, P.C.**
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (872) 205-6556
Fax: (872) 204-0244
Drew@BallMcCannLaw.com
Steve@BallMcCannLaw.com

*Counsel for Plaintiffs Michael J. Ryan & Ryan
Bros., Inc.*

16

Robert J. Gralewski, Jr.
Samantha L. Greenberg
**KIRBY McINERNEY LLP**
600 B Street, Suite 2110
San Diego, CA 92101
Telephone: (619) 784-1442
bgralewski@kmllp.com
sgreenberg@kmllp.com

*Counsel for Plaintiff Leon Pfaff*

Kenneth A. Wexler
Mark R. Miller
Melinda J. Morales
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
mrm@wexlerwallace.com
mjm@wexlerwallace.com

*Counsel for Plaintiff Leon Pfaff*

Timothy D. Battin
Christopher V. Le
**STRAUS & BOIES, LLP**
4041 University Drive, Suite 500
Fairfax, VA 22030
Tel: (703) 764-8700
tbattin@straus-boies.com
cle@straus-boies.com

*Counsel for Plaintiff Leon Pfaff*

David M. Cialkowski (MN Lic. #306526)
Brian C. Gudmundson (MN Lic. #336695)
Alyssa J. Leary (MN Lic. #397552)
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400
david.cialkowski@zimmreed.com
brian.gudmundson@zimmreed.com
alyssa.leary@zimmreed.com

17

Hart L. Robinovitch (MN Lic. #240515)
**ZIMMERMAN REED LLP**
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6415
hart.robinovitch@zimmreed.com

*Counsel for Plaintiffs B. Carlson and Brad DeKrey*

E. Powell Miller
Sharon S. Almonrode
William Kalas
Dennis A. Lienhardt
**THE MILLER LAW FIRM PC**
950 West University Drive,
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@miller.law
ssa@miller.law
wk@miller.law
dal@miller.law

*Counsel for Plaintiff Brad DeKrey*

Jeffrey B. Gittleman
Chad A. Carder
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Fax: (215) 963-0838
jgittleman@barrack.com
ccarder@barrack.com

*Counsel for Plaintiff Eagle Lake Farms Partnership*

18

John G. Emerson
**EMERSON FIRM, PLLC**
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800)-551-8649
Fax: (501) 286-4659
jemerson@emersonfirm.com

*Counsel for Plaintiff Eagle Lake Farms Partnership*

Karl L. Cambronne (MN Lic. #14321)
Bryan L. Bleichner (MN Lic. #0326689)
Jeffrey D. Bores (MN Lic. #227699)
Christopher P. Renz (MN Lic. #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
kcambronne@chestnutcambronne.com
bbleichner@chestnutcambronne.com
jbores@chestnutcambronne.com
crenz@chestnutcambronne.com

*Counsel for Plaintiff Tyler Schultz*

Wilbert B. Markovits
Terence R. Coates
**MARKOVITS, STOCK & DEMARCO, LLC**
3825 Edwards Road, Ste. 650
Cincinnati, OH 45209
Telephone: (513) 651-3700
Fax: (513) 665-0219
bmarkovits@msdlegal.com
tcoates@msdlegal.com

*Counsel for Plaintiff Tyler Schultz*

Mark Reinhardt (MN Lic. # 90530)
Garrett D. Blanchfield (MN Lic. #209855)
Roberta A. Yard (MN Lic. #322295)
**REINHARDT WENDORF & BLANCHFIELD**
332 Minnesota Street, Suite W1050
St. Paul, MN 55101
Telephone: (651) 287-2100
Fax: 651) 287-2103

19

m.reinhardt@rwblawfirm.com
g.blanchfield@rwblawfirm.com
r.yard@rwblawfirm.com

*Counsel for Plaintiffs Hapka Farms Inc. & Amy Hapka*

Simon B. Paris, Esq.
Patrick Howard, Esq.
**SALTZ, MONGELUZZI, & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 496-8282
Facsimile: (215) 496-0999
sparis@smbb.com
phoward@smbb.com

*Counsel for Plaintiff Tom Burke Farms*

Roberta D. Liebenberg (PA ID # 31738)
Gerard A. Dever (PA ID # 85291)
Jessica D. Khan (PA ID # 208875)
**FINE, KAPLAN AND BLACK, RPC**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
rliebenberg@finekaplan.com
gdever@finekaplan.com
jkhan@finekaplan.com

*Counsel for Plaintiff Tom Burke Farms*

Michael J. Boni (PA ID # 52983)
Joshua D. Snyder (PA ID # 88657)
**BONI, ZACK & SNYDER LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 822-0200
Facsimile: (610) 822-0206
mboni@bonizack.com
jsnyder@bonizack.com

*Counsel for Plaintiff Tom Burke Farms*

Dianne M. Nast (PA ID # 24424)
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
dnast@nastlaw.com

*Counsel for Plaintiff Tom Burke Farms*

Rhett A. McSweeney (MN Lic. #269542)
Jonathan R. Mencel (MN Lic. #390056)
**MCSWEENEY LANGEVIN**
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (612) 746-4646
Fax: (612) 454-2678
ram@westrikeback.com
jon@westrikeback.com
filing@westrikeback.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*

William G. Caldes
Jeffrey J. Corrigan
Jeffrey L. Spector
Icee N. Etheridge
**SPECTOR ROSEMAN & KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Fax: (215) 496-6611
bcaldes@srkattorneys.com
jcorrigan@srkattorneys.com
jspector@srkattorneys.com
ietheridge@srkattorneys.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*

Mark K. Wasvary
**MARK K. WASVARY, P.C.**
2401 W. Big Beaver Rd, STE 100
Troy, MI 48084
Telephone: 248-649-5667
Fax: 248-649-5668
markwasvary@hotmail.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*

Brian P. Murray
Lee Albert
**GLANCY PRONGAY & MURRAY LLP**
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Fax: (212) 884-0988
bmurray@glancylaw.com
lalbert@glancylaw.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*

Steven A. Kanner
Jonathan M. Jagher
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Rd, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Fax: (224) 632-4521
skanner@fklmlaw.com
jjagher@fklmlaw.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*

David P. McLafferty
**MCLAFFERTY LAW FIRM, P.C.**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 940-4000 ext. 12
Fax: (610) 940-4007
dmclafferty@mclaffertylaw.com

*Counsel for Plaintiff Beeman Berry Farm, LLC*