BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | ) ) ) ) ) ) MDL Docket No. 2993 |

## RESPONSE TO THE MOTION OF BARBARA PIPER ET AL. FOR THE TRANSFER OF RELATED ACTIONS

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Vienna Eqho Farms ("Vienna Eqho"), plaintiff in *Vienna Eqho Farms v. Bayer Cropscience LP et al.*, Case No. 3:21-cv-00204-NJR (S.D. Ill. February 22, 2021), hereby responds to the Motion of Barbara Piper et al. for the Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

Vienna Eqho agrees with Movant Barbara Piper that transfer and coordination of the related actions is appropriate, pursuant to 28 U.S.C. § 1407 and that the Southern District of Illinois is the most appropriate transferee forum.

### I. BACKGROUND

Vienna Eqho filed its case in the Southern District of Illinois District Court on February 22, 2021. The action was reassigned to Judge Rosenstengel on March 1, 2021. The Motion to Transfer was filed by Barbara Piper and other Plaintiffs on February 23, 2021.

### II. ARGUMENT

#### A. Coordination Pursuant To 28 U.S.C. § 1407 Is Appropriate Because The Pending Actions Involve Common Questions Of Fact

The related actions before the Panel are filed against largely the same defendants and all allege that the defendants engaged in a conspiracy to refuse to deal with and boycott the

Farmers Business Network ("FBN"), in violation of state and federal antitrust laws. The complaints in the related actions allege a number of common questions of fact concerning the existence, duration and scope of the alleged conspiracy and its effect on prices for crop inputs, as well as the propriety of certification under Fed. R. Civ. P. Rule 23.  These commonalities render the related actions appropriate for coordination in the same district.  *In re Air West, Inc. Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *In re Washington Pub. Power Supply Sys. Securities Litig.*, 568 F. Supp. 1250, 1251 (J.P.M.L. 1983).

      **B.**      **Coordination Pursuant To 28 U.S.C. § 1407 Would Inure to the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Related Actions**

Coordination of these actions would spare the parties the significant time and expense associated with traveling for hearings and depositions in multiple jurisdictions and preparing filings and discovery for numerous separate proceedings.  *Polychloroprene Rubber Antitrust Litig.*, 360 F. Supp. 2d 1348, 1351 (J.P.M.L. 2005) (coordination is necessary to conserve the parties' resources).

Transfer and coordination is also necessary to avoid duplication of both the courts' and the parties' efforts.  *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981).  Litigating these actions separately would give rise to duplicative discovery, briefing, and hearings, forcing the parties in each case to independently proceed through portions of the case they could otherwise proceed through collectively and forcing multiple courts to handle proceedings that could be handled by one court.

Justice is further served by the coordination of the related actions, given that such coordination would give rise to consistency and uniformity in rulings affecting all parties.  *In re Pharmacy Benefit Managers Antitrust Litig.*, 452 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006); *In re*

*Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1228 (J.P.M.L. 1978); *In re A.H. Robins Co. 'Dalkon Shield' IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975). Coordination of the related actions will permit the parties to brief common issues in one forum, at the same time, in front of the same judge, and thus receive a uniform set of rulings on key evidentiary and antitrust-related issues.

### C. The Southern District of Illinois District Court is the Most Appropriate Transferee Forum

The Southern District of Illinois is the home to eight cases in this litigation and Illinois is the domicile of Defendants Univar Solutions Incorporated ("Univar") and GROWMARK, Incorporated ("Growmark"). Relevant documents and witnesses are located in the Southern District of Illinois and it has a strong nexus to this litigation. *In re Delphi Corp. Securities, Derivative and ERISA Litig.*, 403 F. Supp. 2d 1358, 1360 (J.P.M.L. 2005). For all of these reasons, the Southern District of Illinois is the most appropriate forum for this litigation.

1. **Illinois is the Domicile of Defendants Univar and Growmark**

Defendants Univar and Growmark are both located in Illinois. The location of a Defendant in a district strongly militates in favor of that district as the MDL forum. *In re Toyota Motor Corp. Unintended Acceleration Mktg. & Sales Practices Prods. Liability Litig.*, 704 F. Supp. 2d 1379, 1382 (J.P.M.L. 2010).

Univar is quoted in the complaints working to organize the boycott of FBN and refusing to sell to FBN or its newly acquired distributor. Growmark is described as active in two of the trade associations that provided Defendants with extensive opportunities to conspire, CropLife America and Agricultural Retailers Association. Both Defendants are expected to have extensive evidence and witnesses, in Illinois.

2. **The Southern District of Illinois Has a Strong Nexus to this Litigation**

Given the location of relevant documents and witnesses in Illinois, the domicile of two Defendants, Illinois has a strong nexus to this litigation. *Delphi Corp. Securities, Derivative and ERISA Litig.*, 403 F. Supp. 2d at 1360.

3. **Eight Complaints Have Been Filed in the Southern District of Illinois**

Eight of the complaints on file, including the vast majority of complaints on file at the time the Motion to Transfer was made, were filed in the Southern District of Illinois. Given the location of two of the Defendants in Illinois, more complaints are likely to be filed in that district.

4. **The Southern District of Illinois has the Judicial Resources and Expertise to Conduct this Litigation**

The Southern District of Illinois has successfully handled and resolved multidistrict litigations in the past. *Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Prod. Liab. Litig.*, MDL 2100 (S.D. Ill.); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, MDL 2385 (S.D. Ill.).

At the time of the most recent report on federal court dockets, the median time from filing to disposition for civil cases in the Southern District of Illinois was 13.3 months, as opposed to 14.3 months in the District of Minnesota. The percentage of civil cases over three years old is 11.7% in the Southern District of Illinois, while it is 18.5% in the District of Minnesota.[1]

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf

There are currently no MDL proceedings currently in the Southern District of Illinois, meaning that the District has more available resources to devote to this litigation.

Further, Chief Judge Nancy J. Rosenstengel, who is presiding over the actions pending in the Southern District of Illinois, is experienced in antitrust class actions, including a recent antitrust case involving, like these cases, collusion in the agricultural sector. *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*, Case No. 3:13-cv-00454-NJR-SCW (S.D. Ill.), *see also Marion HealthCare, LLC v. Becton Dickinson & Company*, No. 3:18-cv-01059 (S.D. Ill.).

   5. **Transfer to the Southern District of Illinois would Inure to the Convenience of the Parties and Witnesses**

The Southern District of Illinois District Court is conveniently and centrally located, in the middle of the country, in close proximity to an airport. This Panel has previously determined the Southern District of Illinois to be convenient and accessible. *Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Prod. Liab. Litig.*, 655 F. Supp. 2d 1343, 1344 (J.P.M.L. 2009) ("Centralization in this district, where related actions are already pending, permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload favorable to accepting this assignment. This district also provides a geographically central forum for this nationwide litigation in which actions are pending in various districts across the country."); *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, 883 F. Supp. 2d 1355, 1356 (J.P.M.L. 2012) ("The Southern District of Illinois' geographically central location and accessibility also commend it for this nationwide products liability litigation.").

Illinois is the domicile of two Defendants and a third Defendant, Simplot AB Retail Sub, Incorporated, is domiciled in Mississippi, which is close in proximity to the Southern District of Illinois.

### III.  CONCLUSION

In light of the arguments articulated in this response, Vienna Eqho supports transfer of the related actions to the Southern District of Illinois.

Dated:     March 18, 2021                    Respectfully Submitted,

/s/ Don Barrett
John W. ("Don") Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com