# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CROP INPUTS ANTITRUST LITIGATION | MDL No. 2993 |

## RESPONSE TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2(a), Plaintiffs Melinda Budde, B & H Farming, Tyche Ag. LLC, Ceres Ag. LLC, and Cedar Draw, LLC (collectively, "RICO Plaintiffs") support the portion of the Movants' motion seeking to consolidate numerous related actions ("Related Actions") in five different district courts to a single district court for pretrial proceedings.[1] However, RICO Plaintiffs request that these Related Actions be transferred to and consolidated before the Honorable Michael J. Davis in the District of Minnesota, before whom several related class actions are currently pending, and the district supported by plaintiffs in four out of five districts.

---

[1] The Related Actions include the following: *B & H Farming et al. v. Syngenta Corp. et al.*, 1:21-cv-00121-REB (D. Idaho); *Budde v. Syngenta Corporation, et al.*, No. 2:21-cv-02095 (D. Kan.); *Canjar v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00181 (S.D. Ill.); *Carlson v. Bayer CropScience LP, et al.*, No. 0:21-cv-00475-MJD-TNL (D. Minn.); *DeKrey v. Bayer Cropscience LP*, No. 21-cv-00639-SRN-BRT (D. Minn.); *Duncan v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00158 (S.D. Ill.); *Eagle Lake Farms Partnership v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00543 (D. Minn.); *Flaten v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00404 (D. Minn.); *Handwerk v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00351 (D. Minn.); *Hapka Farms, Inc. v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00685 (D. Minn.); *Jones Planting Co. III v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00173 (S.D. Ill.); *Lex v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00122 (S.D. Ill.); *Pfaff v. Bayer Cropscience LP*, No. 0:21-cv-00462-MJD-TNL (D. Minn.); *Piper v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00021 (S.D. Ill.); *Ryan Bros., Inc. v. Bayer Cropscience LP*, No. 0:21-cv-00433-MJD-TNL (D. Minn.); *Schultz v. Bayer Cropscience LP, et al.*, No. 0:21-cv-00681 (D. Minn.); *Swanson v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00046 (S.D. Ill.); *Tom Burke Farms v. Bayer Cropscience LP, et al.*, No. 2:21-cv-01049-KSM (E.D. Pa.); *Vienna Eqho Farms v. Bayer Cropscience LP, et al.*, No. 3:21-cv-00204 (S.D. Ill.).

**INTRODUCTION**

As set out fully in the Response filed on behalf of the Minnesota Plaintiffs, the Related Actions are appropriate for transfer and consolidation in the District of Minnesota before the Honorable Michael J. Davis. The RICO Plaintiffs respond separately to highlight two additional reasons for consolidation in Minnesota: (1) while the Illinois plaintiffs may have filed quickly, RICO Plaintiffs and the Related Cases requesting transfer to the District of Minnesota have done substantially more work to develop the claims and factual allegations; (2) Minnesota is more centrally located for third-party witnesses and representative of the agricultural claims at issue in this case.

**ARGUMENT**

I. **The Related Actions Should Be Consolidated in and Transferred to the District of Minnesota**

   A. **RICO and Minnesota Plaintiffs Provide More Sophisticated and Thorough Claim and Factual Allegation Development.**

Illinois Plaintiffs argue that centralization in the Southern District of Illinois is justified because their cases are more advanced. But there is less than two months difference between the dates of first filing and the filing of all the Related Actions listed in the motion to transfer. None of the Related Actions have begun discovery; and there are currently no pending motions to dismiss under Rule 12 in any case.

Despite an attempt to characterize RICO Plaintiffs' class actions as "merely driving down the road paved by" Illinois Plaintiffs, a review of the complaints demonstrates that RICO Plaintiffs spent additional time researching additional claims and factual allegations, resulting in an additional claim under the Racketeer Influenced and Corrupted Organization Act claim, 18 U.S.C. § 1962(c) and (d) and more substantial allegations that can withstand early dispositive motion

practice.[2] The group of Plaintiffs requesting transfer to the District of Minnesota have spent the time to provide the proposed national classes with substantiated, meritorious claims—rather than just attempting to file first and ask immediately to be appointed interim class counsel.

| ALLEGATIONS INCLUDED | Illinois Consolidated Complaint | RICO Plaintiffs |
|---|---|---|
| RICO Claim alleged | X | ✓ |
| Defendants' attempts to control farmer data through farm management platforms | X | ✓ |
| Manufacturer Defendants' investment in proprietary farm management platforms | X | ✓ |
| FBN's rural employee operations including in South Dakota and Montana | X | ✓ |
| Inclusion of entire, publicly available anti-competitive communications between Defendants | X | ✓ |
| Allegations about chilling effect of Defendants' behavior on potential online suppliers | X | ✓ |
| Allegations about CropLife membership demonstrating full access only to pesticide industry manufacturers and distributors | X | ✓ |
| Allegations showing previous coordination through CropLife to threats to industry consolidation | X | ✓ |
| Allegations about coordination between CropLife and the Agricultural Retailers Association | X | ✓ |

---

[2] The allegations referenced in the following table can be found in *Budde v. Syngenta Corporation, et al.*, No. 2:21-cv-02095, Compl. at ¶¶ 2, 9, 46-48, 51-52, 59, 69-71, 76, 79, 83-87, 121-186 (D. Kan.).

In addition to the MDL experience highlighted in the Minnesota Plaintiffs' response, the District of Minnesota, and Judge Davis in particular, have experience in RICO actions for the type of coordinated activity alleged in these cases. *See, e.g., Illinois Farmers Insurance Company et al. v. Lake Street Chiropractic Clinic, P.A., et al.*, Civ. No. 17–5090, 2018 WL 2390133 (D. Minn. May 25, 2018) (Davis, J.) (RICO claims involving multiple insurance company plaintiffs); *In re EpiPen Direct Purchaser Litigation*, Case No. 20-cv-0827, 2021 WL 147166 (D. Minn. Jan. 15, 2021) (coordinated class actions asserting Sherman Act and RICO claims).

### B. The District of Minnesota Is the Most Appropriate Transferee Forum and Is the Most Convenient for the Parties and Witnesses

RICO Plaintiffs agree with the Minnesota Plaintiffs that the District of Minnesota is ideally suited to oversee this MDL. Beyond the location of three Defendants, the location is also a closer nexus to third-party witnesses and documents as well as more appropriate given Minnesota's strong agricultural roots and close geographic connection with other major agricultural regions.

On the first point, as set out above, the third-party online platforms are central to RICO Plaintiffs' claims. The entities referenced in RICO Plaintiffs' case have strong presences in the upper-Midwest states: AgVend is headquartered in Minneapolis, Minnesota, and FBN's Farmer Experience location is in South Dakota (with additional employees located in Montana). The necessity for third-party discovery favors both centralization to avoid over-burdening non-parties and transfer to Minnesota given its proximity to these key witnesses and their documents. *Cf. In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1376 (J.P.M.L. 2017) (transferring cases to the Northern District of California in part because of the convenience for the third parties and witnesses located in Asia); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 214 F. Supp. 3d 1354, 1356 (J.P.M.L. 2016) (transferring actions to location where a defendant and key third-party supplier were located and noting centralization will minimize duplicative discovery including on

4

likely third-party supplier); *In re Treasury Sec. Auction Antitrust Litig.*, 148 F. Supp. 3d 1360, 1362 (J.P.M.L. 2015) (concluding centralization necessary in part because of need for coordinated third-party discovery and transferring actions to location where most defendants and third-parties were headquartered).

Additionally, Minnesota is a leading agricultural state with around $17.1 billion in agricultural sales.[3] Minnesota is one of the top producers for a more diverse set of crops than Illinois. While both Illinois and Minnesota have similar cash receipts for agriculture, Minnesota has much less net income indicating that farmers in the region are more likely to be affected by the overall squeeze from ultracompetitive prices.[4] Minnesota's diverse agriculture background as well as those of its neighboring agricultural states makes it a natural location for transfer.

## II.   CONCLUSION

For the foregoing reasons as well as those set out in the Minnesota Plaintiffs' response, RICO Plaintiffs respectfully request that the Panel transfer the Related Actions to a single district court for consolidated or coordinated pretrial proceedings under 28 U.S.C. § 1407. RICO Plaintiffs specifically request that the Panel order the cases transferred to the District of Minnesota and consolidated before the Honorable Michael J. Davis.

---

[3] Minnesota Department of Agriculture, *Economic Analysis and Market Research*, https://www.mda.state.mn.us/business-dev-loans-grants/economic-analysis-market-research (last visited Mar. 17, 2021). *See also* Rob Cook, *Ranking of States with the Highest Agricultural Receipts*, Beef2Live (Sept. 14, 2020), https://beef2live.com/story-states-produce-food-value-0-107252 (showing in the Top 5 of states with highest agricultural receipts according to the USDA).

[4] United States Department of Agriculture, National Agricultural Statistics Service, *Minnesota's Rank in United States Agriculture* (Sept. 24, 2020), https://www.nass.usda.gov/Statistics_by_State/Minnesota/Publications/Rankings/2020-MN-Rankings.pdf.

Dated: March 19, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Ruth Anne French-Hodson
　　　　　　　　　　　　　　　　　　　　Ruth Anne French-Hodson
　　　　　　　　　　　　　　　　　　　　Rex Sharp
　　　　　　　　　　　　　　　　　　　　**SHARP LAW, LLP**
　　　　　　　　　　　　　　　　　　　　5301 W. 75th Street
　　　　　　　　　　　　　　　　　　　　Prairie Village, KS 66208
　　　　　　　　　　　　　　　　　　　　(913) 901-0505
　　　　　　　　　　　　　　　　　　　　(913) 901-0419 fax
　　　　　　　　　　　　　　　　　　　　rsharp@midwest-law.com
　　　　　　　　　　　　　　　　　　　　rafrenchhodson@midwest-law.com

　　　　　　　　　　　　　　　　　　　　Isaac Diel
　　　　　　　　　　　　　　　　　　　　Greg Bentz
　　　　　　　　　　　　　　　　　　　　**SHARP LAW, LLP**
　　　　　　　　　　　　　　　　　　　　6900 College Blvd., Suite 285
　　　　　　　　　　　　　　　　　　　　Overland Park, KS 66211
　　　　　　　　　　　　　　　　　　　　(913) 901-0505
　　　　　　　　　　　　　　　　　　　　(913) 901-0419 fax
　　　　　　　　　　　　　　　　　　　　idiel@midwest-law.com
　　　　　　　　　　　　　　　　　　　　gbentz@midwest-law.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Melinda Budde*

　　　　　　　　　　　　　　　　　　　　Vaughn Fisher, ISB No. 7624
　　　　　　　　　　　　　　　　　　　　Jennifer Hanway, ISB No. 9921
　　　　　　　　　　　　　　　　　　　　FISHER HUDSON SHALLAT
　　　　　　　　　　　　　　　　　　　　950 W. Bannock St., Ste. 630
　　　　　　　　　　　　　　　　　　　　Boise, ID 83702
　　　　　　　　　　　　　　　　　　　　Telephone: (208) 345-7000
　　　　　　　　　　　　　　　　　　　　Facsimile: (208) 514-1900
　　　　　　　　　　　　　　　　　　　　vaughn@fisherhudson.com
　　　　　　　　　　　　　　　　　　　　jennifer@fisherhudson.com

　　　　　　　　　　　　　　　　　　　　Ruth Anne French-Hodson
　　　　　　　　　　　　　　　　　　　　**SHARP LAW, LLP**
　　　　　　　　　　　　　　　　　　　　5301 W. 75th Street
　　　　　　　　　　　　　　　　　　　　Prairie Village, KS 66208
　　　　　　　　　　　　　　　　　　　　(913) 901-0505
　　　　　　　　　　　　　　　　　　　　(913) 901-0419 fax
　　　　　　　　　　　　　　　　　　　　rafrenchhodson@midwest-law.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs B & H Farming, Tyche Ag.*
　　　　　　　　　　　　　　　　　　　　*LLC, Ceres Ag. LLC, and Cedar Draw, LLC*