**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: CROP INPUTS ANTITRUST LITIGATION** | **MDL No. 2993** |

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA PIPER, as Executrix of the Estate of MICHAEL PIPER, Deceased, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CROP SCIENCE LP, BAYER CROPSCIENCE INC., *et al.*,<br><br>Defendants, | Case No. 3:21-cv-21-NJR |
| JOHN C. SWANSON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER CROP SCIENCE LP, BAYER CROPSCIENCE INC., *et al.*,<br><br>Defendants, | Case No. 3:21-cv-46-NJR |
| CHARLES LEX,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROP SCIENCE LP, BAYER CROPSCIENCE INC., *et al.*,<br><br>Defendants, | Case No. 3:21-cv-122-NJR |

| | |
|---|---|
| **JONES PLANTING CO. III**, on behalf itself and all others similarly situated,<br><br>          **Plaintiffs**,<br><br>v.<br><br>**BAYER CROP SCIENCE LP, BAYER CROPSCIENCE INC.**, *et al.*,<br><br>          **Defendants**, | **Case No. 3:21-cv-173-NJR** |
| **JASON J. CANJAR d/b/a YEDINAK REGISTERED HOLSTEINS**, on behalf of himself and all others similarly situated,<br><br>          **Plaintiffs**,<br><br>v.<br><br>**BAYER CROP SCIENCE LP, BAYER CROPSCIENCE INC.**, *et al.*,<br><br>          **Defendants**. | **Case No. 3:21-cv-181-NJR** |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on the Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation filed by Defendants Bayer CropScience LP, Bayer CropScience Inc., Corteva, Inc., Pioneer Hi-Bred International, Inc., Cargill Incorporated, BASF Corporation, Syngenta Corporation, Winfield Solutions, LLC, Univar Solutions, Inc., Federated Co-Operatives Ltd., CHS Inc., Nutrien Ag Solutions, Inc., GROWMARK, Inc., GROWMARK FS, LLC, Simplot AB Retail Sub, Inc., and Tenkoz, Inc. (collectively, "Defendants") (Doc. 90).

Defendants seek a temporary stay of the "Crop Input" antitrust litigation pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding if and where this litigation will be coordinated and consolidated for pretrial proceedings. (*Id.*). They argue a stay would preserve judicial resources, conserve the parties' resources, and serve the efficiency goals of the multidistrict litigation process. (*Id.*).

Plaintiffs oppose the motion, asserting that stays are an exception to the general rule that litigation should proceed efficiently, they will be prejudiced if these cases are stayed while Defendants continue their anticompetitive conduct, and judicial resources will not be wasted, as the court's primary role at this point is to monitor standard pretrial activities. (Doc. 98). They also argue Defendants will suffer no prejudice, as Defendants must file responsive pleadings and produce documents and witnesses—regardless of what the JPML decides. (*Id.*).

In reply, Defendants argue that district courts, including those in this District, routinely issue stays while ethe JPML adjudicates MDL motions. (Doc. 101). Proceeding with the litigation during the pendency of the JPML motion, they argue, "would cause numerous inefficiencies in this District and cascading inefficiencies in others." (*Id.*).

Under Rule 2.1(d) of the Rules of Procedure of JPML, "[t]he pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. J.P.M.L. R. 2.1(d). Thus, this Court retains full jurisdiction over this action unless and until the JPML issues a transfer order. *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006) (citing *Illinois Mun. Retirement Fund*

*v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004)). "The decision to grant a stay rests within the Court's discretion." *Id.* "[A] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Edmondson v. Pfizer, Inc.*, No. 4:16-CV-1944 (CEJ), 2017 WL 492829, at *1 (E.D. Mo. Feb. 7, 2017).

After reviewing the parties' submissions, the Court is not convinced that a stay is warranted in these matters. Currently, there are 21 Crop Input cases pending, eight of which are in this District and assigned to the undersigned. *See In Re: Crop Inputs Antitrust Litigation*, MDL No. 2993. Of the remaining cases, 10 are pending in the District of Minnesota, one in the Eastern District of Pennsylvania, one in the District of Kansas, and one in the District of Idaho. *Id.* While the District of Minnesota has two more cases than this District, the number of cases in Illinois is not insubstantial. *See In re Pradaxa Prod. Liab. Actions*, No. 3:12-CV-00610-DRH, 2012 WL 2357425, at *2 (S.D. Ill. June 20, 2012) (eleven cases in the Southern District of Illinois out of 27 cases total were "far too many cases to ignore the issues that are of concern to this Court while the MDL Motion is being resolved").

Furthermore, there is no guarantee the JPML will consolidate all cases before a single judge, nor is there any assurance that a decision will be made in the next few weeks, as Defendants contend. And, contrary to Defendants' argument, the risk of inconsistent rulings—at this point—is minimal. These cases are in their infancy. No matter where the cases end up, Defendants will still be required to file responsive pleadings, answer

discovery, produce documents, and make their witnesses available for deposition. A stay will only delay the inevitable by weeks, if not months.

For these reasons, the Court **DENIES** the Motion to Stay Pending Decision by the Judicial Panel on Multidistrict Litigation filed by Defendants (Doc. 90). Defendants' alternative request to extend the deadline to answer or otherwise respond to the Consolidated Amended Complaint is **GRANTED**. Defendants shall file their responsive pleading on or before **April 27, 2021.**

A telephonic status conference will be set by separate Order.

**IT IS SO ORDERED.**

DATED: April 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**